**Opinion filed July 12, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00187-CR

_____

## REBECCA ULATE GARCIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-41,110**

## MEMORANDUM OPINION

Appellant, Rebecca Ulate Garcia, pleaded guilty to the third-degree felony offense of theft in the amount of $20,000 or more but less than $100,000. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for three years. The trial court also assessed a fine of $1,000 and ordered Appellant to pay restitution in the amount of $14,000.

The State subsequently filed a motion to proceed with an adjudication of Appellant's guilt. The State alleged four violations of the terms and conditions of community supervision, including an allegation that Appellant used cocaine while on community supervision. At a contested hearing on the motion, Appellant pleaded true to one of the allegations. The trial court then heard testimony from Appellant's community supervision officer, Carmen Witt. Witt testified that Appellant tested positive for cocaine while on community supervision. She also testified that, when confronted with the test result, Appellant admitted using cocaine. Witt also detailed various payments that Appellant did not make and stated that Appellant failed to report for a required visit.

The trial court found three of the State's allegations to be true, adjudicated Appellant's guilt, and assessed her punishment at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue on appeal, Appellant asserts that the trial court abused its discretion in denying her motion for continuance. We affirm.

Appellant's trial counsel asserted in the motion for continuance that a postponement was necessary because he was retained only two weeks prior to the hearing date and that he needed more time to prepare.[1] At the hearing on the motion to proceed, trial counsel advised the trial court that he had not received "discovery documents" from previous counsel and that he had not received discovery from the State. Counsel testified that he was not prepared to proceed with the hearing. In denying the motion for continuance, the trial court noted that the case had been reset at least three times.

---

[1]The motion for continuance that is the subject of this appeal is actually the second request for a postponement from Appellant's trial counsel. The trial court granted counsel's initial request by postponing the hearing for ten days.

An appellate court reviews a trial court's ruling on a motion for continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (citing *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996)). To establish an abuse of discretion, Appellant must show that she was actually prejudiced by the denial of her motion. *Id.* With respect to a motion for continuance based on a need for more preparation time for counsel, an abuse of discretion will be found "only if the record shows with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had." *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010) (quoting George E. Dix & Robert O. Dawson, 42 *Texas Practice: Criminal Practice and Procedure* § 28.56 (2d ed. 2001)). A defendant can ordinarily make such a showing only at a hearing on a motion for new trial because only then will she be able to produce evidence regarding what additional information, evidence, or witnesses the defense would have had available if the trial court had granted the motion for continuance. *Id.* at 842–43; *Nwosoucha v. State*, 325 S.W.3d 816, 825–26 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Appellant did not file a motion for new trial in an attempt to show how she may have been prejudiced by the denial of the motion for continuance. Furthermore, Appellant did not assert at the hearing on the motion to proceed any specific harm she suffered because the trial court did not grant her motion for continuance. The matters under consideration at the hearing were straightforward. No documentary evidence was offered by either party. Counsel thoroughly cross-examined the State's only witness, and he elicited favorable testimony from Appellant in response to the State's allegations. In the absence of a showing of harm from not having more time to prepare, the trial court did not abuse its denying in overruling the motion for continuance. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


July 12, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.